KAR *v.* HAMTRAMCK SCHOOL DISTRICT.

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHER—TENURE.

Finding of trial judge that record contained no proof that defendant school district had ever adopted the school code which plaintiff schoolteacher claimed, and that if adopted, its terms as to teacher tenure were permissive, not mandatory, and that tenure had never been granted plaintiff or anyone else thereunder *held*, supported by record in action of assumpsit for damages allegedly occasioned by plaintiff's discharge from employ of defendant district after 18 years of service.

2. INJUNCTION—CONTRACTS—TEACHER TENURE—ASSUMPSIT.

A temporary injunction enjoining defendant school district from failing to grant plaintiff and other schoolteachers continuing tenure does not create a contract of employment or continue an existing one beyond the period specified by its express terms, so as to give rise to a cause of action in plaintiff in assumpsit for violation of the injunction.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 6, 1955. (Docket No. 45, Calendar No. 45,715.) Decided December 28, 1955.

Assumpsit by Anthony L. Kar against School District of the City of Hamtramck, a municipal corporation, its board of education and 7 individual members thereof for damages arising from discharge. Judgment for defendant. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  47 Am Jur, Schools §§ 127–140.

[1, 2]  Teachers' tenure statutes.  110 ALR 791; 113 ALR 1495; 127 ALR 1298.

*Walter M. Nelson,* for plaintiff.

*Leonard Ziskie,* for defendant.

Dethmers, J.  This is an action in assumpsit for damages allegedly occasioned by plaintiff's discharge from the employ of defendant school district, hereinafter called defendant.  From judgment of no cause for action, plaintiff appeals.

Plaintiff entered defendant's employ in 1930.  He was discharged September 1, 1948.  His first contention is that he enjoyed continuing tenure under what is styled, in the record, as "Research series No 2, The public school code of the Hamtramck, Michigan, public schools."  We are in accord with the finding of the trial judge that the record contains no proof that defendant ever adopted such code and, further, that, if adopted, its terms were not mandatory, but permissive, as relates to granting of tenure and that the record is barren of proof that tenure ever was granted thereunder by defendant to plaintiff or anyone else.

Next, plaintiff relies on a temporary injunction, in effect at the time of his discharge, issued by the Wayne county circuit court in 1942 in a chancery action, in which the party defendant was the same as here and the plaintiff was a teachers' union, of which plaintiff herein was a member.  The temporary injunction enjoined the defendant during pendency of that chancery action:

"from failing or refusing to grant to plaintiffs and all the members of plaintiff association continuing tenure  *  *  *  from discharging plaintiffs or any members of plaintiff association from their position as teachers in defendant school district, and from severing the contractual relations with such teachers; from repealing, rescinding, amending or modifying, or attempting to do so, the Hamtramck

school code or any portion thereof;   *   *   *   and from violating any of the terms of the Hamtramck school code."

The chancery case was never tried. On October 20, 1949, three months after commencement, but before trial, of the instant case, a stipulation between the parties thereto was filed to dismiss the chancery action and on the following day an order entered dismissing it with prejudice. We are cited to no authorities, nor do we find any, to the effect that such temporary injunction created a contract of employment or continued an existing one beyond the period specified by its express terms, so as to give rise to a cause of action in plaintiff in assumpsit for violation of the injunction. We hold that it did not.

Affirmed, with costs to defendants.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.